## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

STRONG CAPITAL MANAGEMENT, INC.
      Plaintiff

             **v.**                         **Civil No. 04-2088(SEC)**

LAND AUTHORITY OF PUERTO RICO, et al.
      Defendants

## O R D E R

| MOTION | RULING |
|---|---|
| **Docket # 84 Plaintiff's Motion to Compel** | **GRANTED in part MOOT in part.** Plaintiff filed a motion seeking that the Court compel Defendants to: (1) serve their answer to the December 15th discovery request; (2) produce the exhibits to Mr. Southwell's deposition; (3) produce Mr. Kalb's deposition transcript; and (4) produce Mr. Zayas and Mr. Ortiz for the taking of their deposition or, alternatively, produce their information in order for Plaintiff to be able to subpoena them for deposition (Docket # 84). Defendants filed an opposition to Plaintiff's motion (Docket # 96) and Plaintiff replied (Docket # 98). |
| |    In the first place, we note that Plaintiff complied with Local Rule 26(b). As Plaintiff correctly argues, the rule requires that the parties make a "reasonable and good faith effort to reach an agreement," it does not, however, require a specific form in which to make such a certification. Plaintiff informed the Court that they granted Defendants several extensions of time to comply with the requested discovery, communicated with Defendants' counsel in several occasions to demand the discovery requested, and waited over two (2) months before seeking the Court's intervention, to no avail. Defendants' counsel cannot now seriously argue that because he was busy and did not purposefully ignore the deadlines provided by Plaintiff, Plaintiff's effort were not reasonable or in good faith. |
| |    As to the pending discovery we find as follows: (1) Plaintiff's request for Defendants' answer to the December 15th discovery request is now **MOOT**; (2) Defendants are **ORDERED** to provide Plaintiff with the name and contact information of the Court Reporter by **June 9, 2006** so that Plaintiff may contact her directly to request the exhibits; (3) Defendants are **ORDERED** to provide Plaintiff a copy of Mr. Kalb's deposition transcript by **June 9, 2006**; (4) Plaintiff's request pertaining to Mr. Zayas is now **MOOT** and Defendants are **ORDERED** to provide Plaintiff two (2) alternative dates for the taking of Mr. Ortiz's deposition by **June 9, 2006.** In any event, Mr. Ortiz's deposition is to be conducted by **August 11, 2006, the new deadline for the conclusion of discovery. Motions for Summary Judgment are now due on August 31, 2006 and oppositions thereto on September 22, 2006. Failure to comply with this order will result in the imposition of sanctions.** |
| **Docket # 96 Defendants' Motion to Compel** | **DENIED.** Defendants have failed to make a reasonable and good faith effort to reach an agreement with Plaintiff. See Local Rule 26(b). Therefore, at this juncture, Defendants' motion to compel is **DENIED.** In any event, the parties are forewarned that discovery in this case is now set to conclude on **August 11, 2006.** The Court has been extremely generous with the parties so it expects that the parties will conduct all pending depositions (i.e. Mr. Kalb's, Mr. Harding's, Mr. Zayas' and Mr. Ortiz's) prior to this deadline. |

| MOTION | RULING |
|---|---|
| **Docket # 85 Motion Requesting Order Re: Attorney-Client Privilege** | **DENIED**. Defendants have filed a motion seeking that the Court deem Plaintiff's voluntary surrender of a non-redacted copy of a Fair Value Memorandum (herein "the memo") as a waiver to any attorney-client communications on the same subject matter (Docket # 85). Plaintiff filed its brief in opposition (Docket # 92), Defendants replied (Docket # 103) and Plaintiff sur-replied (Docket # 107). Defendants' request is **DENIED**. |

On January 2006, upon request by Defendants, Plaintiff produced a redacted copy of the memo, drafted by Mr. Gilbert Southwell. It is a fair value analysis of the security Puerto Rico Sugar Corporation-Municipal Equipment Lease No. MPR990135. Initially, Plaintiff's Counsel provided a redacted copy excluding certain text in which Mr. Southwell expressed his opinion as to the possibility of recovering any money from the pre-payment of leases to AA Public Finance. Plaintiff's Counsel asserted that the redacted text was privileged since Mr. Southwell is an attorney. As a response to Plaintiff's assertion of privilege, Defendants requested additional documents in order to evaluate Plaintiff's claim. Two (2) days later, however, per Plaintiff's brief, Plaintiff's Counsel reconsidered her initial assessment and decided that since Mr. Southwell was not acting as an attorney when drafting the memo, the text was outside the scope of the attorney-client privilege. Plaintiff then faxed Defendants, without further explanation, a non-redacted version of the entire document. That being the state of things, in Mr. Southwell's deposition, Defendants asked Mr. Southwell about his discussions with Strong's outside counsel, their attorneys in this civil action, pertaining to their likelihood of prevailing in this action. Upon Plaintiff's Counsel objection, Defendants expressed that having sent a non-redacted copy of the entire memo, Plaintiff had waived any claim of privilege. Plaintiff's Counsel disagreed stating that no such waiver had occurred. We agree.

The attorney-client privilege has been summed in the following way: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection have been waived." United States v. M.I.T., 129 F.3d 681, 684 (1st Cir. 1997)(citing J. Wigmore, Evidence § 2292 at 554). It is well settled that "[t]he privilege protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice." In re Keeper of the Records v. United States, 348 F.3d 16, 22 (1st Cir. 2003) (citations omitted). It follows that in order for there to be a waiver of the attorney-client privilege, the communication at issue must be privileged.

A review of the memo reveals that it was drafted by Mr. Southwell in his capacity as Research Analyst of the Strong Funds. It was directed to the Strong Funds Administrator/Pricing Committee and Strong Funds Advisor. It contains an analysis of the Strong Funds' security and the prepayment of the same. The fact that Mr. Southwell expressed an opinion as to the likelihood of recouping the prepayment of said security, and that he is a licensed attorney, does not make the communication privileged. A cursory review of the document reveals that the Strong Funds were not seeking legal, but rather, financial advice. Additionally, Plaintiff has asserted that by the time Mr. Southwell drafted the memo, on March 22, 2005, he was not employed as Strong's Assistant Counsel, but as a research analyst for Wells Capital Management. "Attorney-client privilege attaches only when the attorney acts in that capacity." Texaco Puerto Rico, Inc. v. Dept. of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995)(citations omitted). See also, Rivera v. K-Mart Corp., 190 F.R.D. 298, 302-303 (D.P.R. 2000). Having concluded that Mr. Southwell was not acting as an attorney and that the Strong Funds were not seeking legal advice, the memo is not privileged. Neither Plaintiff's Counsel's initial mistaken assertion of privilege nor her statements during Mr. Southwell's deposition make the content of the memo privileged; it is up to the Court to make such a determination. Having found that the content of the memo was not covered by the attorney-client privilege, there was nothing for Plaintiff's to waive. As such, Defendants' motion is **DENIED**.

DATE:   May 30, 2006

S/ Salvador E. Casellas
SALVADOR E. CASELLAS
U.S. Senior District Judge