# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| STRONG CAPITAL MANAGEMENT INC.<br>  Plaintiff<br><br>v.<br><br>LAND AUTHORITY OF PUERTO RICO et al<br>  Defendants | CIVIL NO 04-2088 (SEC) |

## PARTIAL DEFAULT JUDGMENT

On March 29, 2005, Strong Capital Management, Inc. (hereinafter Strong) requested and was granted leave to serve by publication as to defendants Alvin Aguirre ("Aguirre"), Marylín González ("González"), the Aguirre-González Conjugal Partnership, AA Public Finance Co., Inc. ("AA Public Finance") and Cross Border Co., Inc. ("Cross Border"). See, Dockets ## 20 & 26. On May 20, 2005, the proclamation as to each of the abovementioned defendants was published in a newspaper of daily publication in the island. Subsequently, a copy of the Complaint and of the published proclamation was sent, via certified mail, to these defendants' last known addresses. See, Docket # 32, Exh. 1 & 2. All of the abovementioned defendants failed to answer the Complaint or otherwise plead. Accordingly, on July 8, 2005, Strong requested the entry of default against them, which was granted on July 11, 2005. See, Dockets ## 51 & 52.

On October 31, 2007, Strong filed a "Motion Requesting Entry of Partial Judgment on Default" against defendants Aguirre, González, the Aguirre-González Conjugal Partnership, AA Public Finance and Cross Border Leasing, which is now unopposed. See Docket No. 185. Having reviewed said motion, the Court **GRANTS** it, and FINDS AS FOLLOWS:

1. AA Public Finance is and was, at all times relevant to the present case, a Puerto Rico Corporation engaged in tax-exempt lease and purchase financing to the Government of Puerto Rico, agencies, municipalities, and public corporations. See, Complaint, Docket #1, ¶ 5.

2. Cross Border, is and was, at all times relevant to the case, a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico. Id., at ¶ 6.

3. Cross Border and AA Public Finance are and were controlled, at all times relevant to the case, by Alvin F. Aguirre. Id., at ¶¶ 5 and 6. Alvin F. Aguirre is and was, at all times relevant to the case, the President of, among others, co-defendants AA Public Finance and Cross Border. Id., at ¶ 7. González was, at all times relevant to the case, Aguirre's wife and member of their conjugal partnership. Id., at ¶ 8. The Aguirre-González Conjugal Partnership is a distinct legal entity, existing under Puerto Rico law, and liable under the law for all actions of its constituting members. Id., at ¶ 9.

4. On June 9, 1999, AA Public Finance and The Sugar Corporation of Puerto Rico ("The Corporation") executed a Government Lease Purchase and Option Agreement to finance the lease of certain equipment for the Corporation ("Lease Agreement"). Id., at ¶ 12. Under said agreement, AA Public Finance was the nominal lessor. Id. On July 1, 1999, Strong purchased 100% of the rights under the Lease Agreement. Id., at ¶ 13. Notice of said assignment was provided. Id. Thereafter, Strong received several payments due under the Lease Agreement. Id., at ¶ 13.

5. Under the Lease Agreement, Strong was entitled to receive ten semiannual payments of $241,949.00 each. Id, at ¶ 14. Strong failed to receive the last five payments owed pursuant to the Lease. See, Docket # 123, Exh. A., at pp. 21-22.

6. As it turned out, notwithstanding the prior outright assignment of the Lease Agreement, unbeknownst to Strong, AA Public Finance, and its President Alvin F. Aguirre, fraudulently and illegally collected a prepayment from the Corporation for the totality of the Lease. See, Complaint, Docket # 1, ¶ 17. However, Strong failed to receive the last five payments owed pursuant to the lease. Hence, although Strong gave substantial monetary compensation in exchange for the assignment of the rights under the Lease Agreement (including 10 semiannual payments of $241,949.00), Id., at ¶ 14, Strong failed to collect five of those payments due to the defaulted defendants' fraudulent actions. The Defendants in default collected the pre-payment without Strong's knowledge or consent, Id., at ¶¶ 31 & 33, causing Sugar Corporation to default in its payment to Strong, Id., at ¶ 32. Accordingly, the defendants in default are liable to Strong since Strong's inability to collect the remaining five payments owed under the lease is due to the defaulted defendants' actions.

7. Due to the defendants' in default breach of contract, tortious interference and fraudulent actions, Strong has failed to collect five payments of $241,949.00 each, owed under the Lease Agreement, amounting to $1,209,745.00 plus interest accrued. These payments were due on November 30, 2002, May 30, 2003, November 30, 2003, May 30, 2004 and November 30, 2004.

**THEREFORE, IT IS HEREBY ORDERED:**

Plaintiff's Motion Requesting Entry of Partial Judgment on Default is hereby **GRANTED**. Accordingly, Strong shall recover from the defendants Aguirre, González, the Aguirre-González Conjugal Partnership, AA Public Finance and Cross Border, the principal sum of 1,209,745.00, plus interest accrued since the date each payment was due at the rate of 6%,

which is the legal interest in the event of default imposed by the applicable law, 31 P.R. Laws Ann. § 3025. Partial Judgment is hereby entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29TH day of November, 2007.

Salvador E. Casellas
Senior U.S. District Judge